**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 13, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TERRY WAYNE GLENN,

    Defendant - Appellant.

No. 21-5010
(D.C. No. 4:96-CR-00151-CVE-2)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Terry Wayne Glenn, a federal prisoner proceeding pro se, appeals the district court's decision to transfer most of his inmate trust account to the government in partial payment of a fine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     BACKGROUND & PROCEDURAL HISTORY

In March 1997, a grand jury indicted Glenn and others on various counts relating to drugs and guns, including a drug-distribution conspiracy in violation of 21 U.S.C. § 846.  The grand jury charged that the relevant conspiracy existed from sometime in 1992, the first overt acts took place in 1993, and the conspiracy continued through early 1997.

In June 1997, Glenn pleaded guilty to the conspiracy count, among others.  By judgment filed November 3, 1997, the district court sentenced him to life imprisonment and imposed a $25,000 fine, both as punishment on the conspiracy count.  The court specified that the fine was to be "paid in full immediately," but "[a]ny amount not paid immediately shall be paid while in custody through the Bureau of Prisons' Inmate Financial Responsibility Program."  R. vol. I at 37.

As of October 2020, Glenn had paid $3,717.57 toward his fine, mostly through fixed, regular deductions from his inmate trust account.  That month, Glenn filed a motion with the sentencing court titled "Motion To Cease and Desist Order."  *Id.* at 39.  Glenn informed the court that prison officials had placed an encumbrance on his trust account, which at that time held about $9,100.  *Id.*  He argued that encumbering his account without notice violated his due process rights, and he requested an order that the government cease and desist "until such a time as Mr. Glenn has been properly served and informed of the purpose for such actions."  *Id.*

The following month, the government moved for an order authorizing the Bureau of Prisons to turn over the balance of Glenn's trust account to the

2

government, to be applied toward his fine.  According to the government, the account held about $9,400.

The district court soon issued an order resolving both motions.  The district court apparently had access to Glenn's account information, and it found that his trust account held $9,269.81 as of the date of the order.  The district court held that the government had properly encumbered the funds pending the motion it eventually filed, and that a federal statute entitled the government to seize the funds and apply them toward Glenn's fine.  *See* 18 U.S.C. § 3664(n) ("If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.").  The court therefore denied Glenn's motion and granted the government's motion, except it awarded the government only $8,769 (*i.e.*, $500.81 less than the full account balance) "to avoid defendant's complete indigence."  R. vol. I at 57.

Glenn then filed a document titled "Civil Complaint under 28 U.S.C. § 1331." R. vol. I at 71 (capitalization normalized).  Despite the title, he filed the document with the sentencing court under his criminal case number.  Glenn argued: (i) he had not received timely and proper notice before being deprived of his money, in violation of due process; and (ii) the government's opportunity to collect his fine ended in 2017, twenty years from judgment.

The district court construed Glenn's filing as a "second motion to discharge fines and fees," *id.* at 79, and addressed only the twenty-year argument, which Glenn

derived from the pre-1996 version of 18 U.S.C. § 3613. At the time, the statute stated, in relevant part, "[L]iability to pay a fine expires—(1) twenty years after the entry of the judgment; or (2) upon the death of the individual fined." 18 U.S.C. § 3613(b) (1994). The district court noted, however, that Congress amended the statute effective April 24, 1996, to state (as it does today), "The liability to pay a fine shall terminate *the later of* 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." *See* Mandatory Victims Restitution Act of 1996 ("MVRA"), Pub. L. No. 104-132, § 207(c)(3), 110 Stat. 1214 (emphasis added); *see also id.* § 211 ("The amendments made by this subtitle shall, to the extent constitutionally permissible, be effective for sentencing proceedings in cases in which the defendant is convicted on or after the date of enactment of this Act."). The district court found this amended version of the statute applicable because Glenn was convicted in 1997. It further found that, under the amendment, the twenty-year period had not yet begun to run because Glenn was still in prison.

The district court accordingly denied the motion, and Glenn timely appealed.

## II.    ANALYSIS

Glenn argues the district court wrongly applied § 3613(b) as amended by the MVRA. Glenn says the district court should have judged the amendment's applicability not by the date of his conviction (1997), but by the date of the first overt acts charged in the indictment (1993). In support, he cites *United States v. Owens*, 70 F.3d 1118, 1130 (10th Cir. 1995), where the government argued one of the district

4

court's sentencing decisions was harmless error based on a Sentencing Guidelines amendment. The amendment in question became effective in between the charged conduct and the defendant's sentencing, so the government's argument required us to examine whether the defendant's ex post facto rights would have been violated had the district court sentenced him under the amended guideline. *See id.*; *see also* U.S. Const. art. I, § 9, cl. 3 ("No Bill of Attainder or ex post facto Law shall be passed.").

Although Glenn nowhere uses the phrase "ex post facto," his citation to *Owens* and the general character of his arguments convince us that he means to bring such a challenge.[1] "We review a challenge to a statute under the Ex Post Facto Clause de novo." *Femedeer v. Haun*, 227 F.3d 1244, 1248 (10th Cir. 2000).

Glenn provides no authority for the idea that his ex post facto rights crystallized with the first overt acts charged in the indictment. Even assuming as much for argument's sake, Glenn also provides no support for the notion that an extension of the amount of time after judgment in which the government can collect a criminal fine creates an ex post facto issue. In the statute-of-limitations context, a law violates the ex post facto clause if it revives an *expired* limitations period for *prosecuting* the crime. *See Stogner v. California*, 539 U.S. 607, 610–21 (2003). The briefing before us does not adequately address whether the prescribed time after judgment to collect a criminal fine may be considered a statute of limitations in the same sense.

---

[1] "[P]risoners who proceed pro se . . . are entitled to liberal construction of their filings." *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).

Even if the answer is yes, the statutory term had not expired when Congress extended it through the MVRA. Again, accepting Glenn's proposition that the twenty-year clock began to run in 1993, about seventeen years remained when Congress enacted the MVRA in 1996. In *United States v. Taliaferro*, 979 F.2d 1399, 1402 (10th Cir. 1992), we held that "the application of an extended statute of limitations to offenses occurring prior to the legislative extension, where the prior and shorter statute of limitations has not run as of the date of such extension, does not violate the *ex post facto* clause." The Supreme Court's *Stogner* decision expressly avoided opining on this scenario. *See* 539 U.S. at 618 ("Even where courts have upheld extensions of *unexpired* statutes of limitations (extensions that our holding today does not affect), they have consistently distinguished situations where limitations periods have *expired*." (citation omitted)). *Taliaferro* therefore remains good law.

In sum, even if

- § 3613(b) creates a statute of limitations, the extension of which is potentially challengeable under the ex post facto clause; and

- Glenn's ex post facto rights arose with his first overt act in 1993,

there was no ex post facto violation here because Congress extended the twenty-year limitation before it expired in Glenn's case. So the district court properly rejected Glenn's argument that it should have applied the pre-MVRA version of the statute.

Glenn also asserts that the government's decision to seize his money "after years of inactivity . . . violate[s] [his] rights to due process." Opening Br. at 7. In

6

the district court, however, Glenn argued that the government violated his due process rights because it failed to give him timely notice of the encumbrance. He did not argue that due process eventually cuts off the government's right to collect after "years of inactivity." We therefore do not reach this argument. *See Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1284 (10th Cir. 2013) ("Arguments that were not raised below are waived for purposes of appeal." (internal quotation marks omitted)).

## III.  CONCLUSION

We affirm the district court orders at issue here. We also grant Glenn's motion to proceed without prepayment of costs or fees.

Entered for the Court

Gregory A. Phillips
Circuit Judge